1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| GLORIA A. PIEROSE, | ) Case No. CV 06-2731 (RNB) |
| Plaintiff, | ) |
| vs. | ) ORDER RE DISMISSAL OF ACTION |
| JO ANNE B. BARNHART, | ) FOR FAILURE TO PROSECUTE |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

17     In its January 19, 2007 Order re Further Proceedings, the Court ordered plaintiff

18  to serve and file a motion for judgment on the pleadings within 30 days of the service

19  date of the Order.  The Court also specified the format for the motion.

20     When, after more than 30 days from the service date of the January 19, 2007

21  Order had elapsed, and plaintiff still had not filed her motion for judgment on the

22  pleadings, the Court issued an Order on February 27, 2007 requiring plaintiff, on or

23  before March 16, 2007, to either (a) show good cause in writing, if any exists, why

24  plaintiff did not timely file her motion for judgment on the pleadings and why this

25  action should not be dismissed for failure to prosecute and failure to comply with the

26  Court's prior Order; or (b) serve and file her motion for judgment on the pleadings in

27  accordance with the format specified in the January 19, 2007 Order.  The Order to

28  Show Cause expressly forewarned plaintiff that, if she failed to do either, the Court

1

1   would deem such failure a further violation of a Court order justifying dismissal and

2   also deem such failure as further evidence of a lack of prosecution on plaintiff's part.

3          **Plaintiff's time to respond to the Order to Show Cause has now elapsed,**

4   **and no response has been filed by plaintiff. Nor has plaintiff filed her motion for**

5   **judgment on the pleadings. Nor has plaintiff sought an extension of time to**

6   **either file a response to the Order to Show Cause or file her motion for judgment**

7   **on the pleadings.**

8          Fed. R. Civ. P. 41(b) provides that an action may be involuntarily dismissed for

9   failure of the plaintiff to prosecute or comply with any order of the Court. Here,

10   plaintiff failed to file either a response to the Order to Show Cause or her motion for

11   judgment on the pleadings, despite being ordered to do one of those things. Further,

12   plaintiff's conduct in (a) failing to file her motion for judgment on the pleadings by the

13   original filing deadline or request an extension of time to do so, and (b) failing to

14   respond to the Order to Show Cause or request an extension of time to do so, despite

15   being forewarned of the consequences, evidences a lack of prosecution on her part.

16          In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the

17   following factors as relevant to the Court's determination whether to dismiss an action

18   for failure to prosecute: "(1) the public's interest in expeditious resolution of

19   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

20   defendants; (4) the public policy favoring disposition of cases on their merits, and (5)

21   the availability of less drastic sanctions." See Carey, 856 F.2d at 1440. Here, the

22   Court finds that the first, second and fifth Carey factors militate in favor of dismissal.

23   As a result of plaintiff's failure to file her motion for judgment on the pleadings, this

24   action has been and will continue to be stalemated. Moreover, given the

25   circumstances and plaintiff's pro per status, it does not appear to the Court that there

26   are any less drastic sanctions available for the Court to impose. While the Court finds

27   that the third and fourth Carey factors do not militate in favor of dismissal, the Court

28   //

1  has concluded that the other three factors in this instance outweigh the third and fourth

2  factors.

3         It therefore is ORDERED that this action is dismissed without prejudice

4  pursuant to Federal Rule of Civil Procedure 41(b), and the Court's inherent power to

5  achieve the orderly and expeditious disposition of cases by dismissing actions for

6  failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct.

7  1386, 8 L. Ed. 2d 734 (1962).

8         LET JUDGMENT BE ENTERED ACCORDINGLY.

9

10

11  DATED:   March 20, 2007

12

13

14                              /s/
                          ROBERT N. BLOCK
15                        UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28